**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Barbara Ann STRAIN, Defendant— Appellant.**

No. 01–35861.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 7, 2002.

Decided Aug. 22, 2002.

---

Before: B. FLETCHER, ALARCON, GRABER, Circuit Judges.

MEMORANDUM *

Barbara Ann Strain filed a motion for habeas corpus relief pursuant to 28 U.S.C. § 2255. A jury convicted Strain on two counts of bank robbery (18 U.S.C. § 2113(a) and (d)), one count of interference with commerce by robbery (18 U.S.C. § 1951(a)), three counts of being a felon in possession of a firearm (18 U.S.C. §§ 922(g)), and three counts of using or carrying a firearm in relation to a crime of violence (18 U.S.C. § 924(c)). She requests a new trial on the ground that she received ineffective assistance of counsel at the plea bargaining stage. She claims that her trial counsel did not advise her of the mandatory stacking provisions of 18 U.S.C. § 924(c), which account for most of Strain's 650–month sentence. Had she known that this was the mandatory minimum sentence, she argues, she would not have rejected the prosecutor's offer of a 15–year (180–month) sentence in exchange for a plea of guilty.

After holding an evidentiary hearing, the magistrate judge recommended that the district court find that Strain's trial counsel informed her of the mandatory and consecutive nature of sentencing under § 924(c) and that Strain adamantly refused the prosecutor's plea bargain knowing that she risked a far greater sentence by going to trial. The district court accepted the magistrate judge's recommendation and concluded that Strain's trial counsel's performance was not deficient and did not result in any prejudice to her. Because the district court's factual findings are not clearly erroneous, we affirm. *See Seidel v. Merkle,* 146 .F.3d 750, 753 (9th Cir.1998) (reviewing factual findings for clear error).

Strain's trial counsel, Michael Dayan, testified at the evidentiary hearing. He recalled discussing with Strain that the sentences for the gun charges were "mandatory" and "consecutive" and explaining to Strain that the judge lacked discretion to impose a lower sentence. Strain, on the other hand, testified that Dayan informed her only that she might receive a sentence of up to 50 years. The magistrate judge found Dayan's testimony credible and Strain's testimony not credible; the district court agreed.

Strain is correct that "a court could conclude" that she was not fully informed of her sentencing exposure and that she would have accepted the 15–year offer if she had been informed. But the fact that a different judge could weigh the evidence and the credibility of the witnesses differently and find in Strain's favor does not render the district court's rejection of her testimony clearly erroneous. The district court's credibility determination is plausible in light of the evidence in the record, and, thus, the determination is not clearly erroneous.

Because the district court was not clearly erroneous in finding that trial counsel informed her of the mandatory and consecutive nature of the § 924(c) sentences, we affirm the denial of Strain's motion for habeas relief. *See Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (requiring proof that the attorney's representation "fell below an objective standard of reasonableness"

to prevail on a claim of ineffective assistance of counsel).

AFFIRMED.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.